# IN THE COURT OF APPEALS OF IOWA

No. 17-0977
Filed August 16, 2017

**IN THE INTEREST OF A.K.S.,**
**Minor Child,**

**N.S., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

　　A mother appeals a district court order terminating her parental rights to her child. **AFFIRMED.**

　　Marcy J. Lundberg of Lundberg Law Firm, Indianola, for appellant mother.

　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

　　Karl Wolle of Juvenile Public Defender's Office, Des Moines, guardian ad litem for minor child.

　　Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals a district court order terminating her parental rights to her child, born in 2013. She contends (1) the record lacks clear and convincing evidence to support the ground for termination cited by the district court and (2) termination is not in the child's best interests.

## I.    *Grounds for Termination*

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2017), which requires proof of several elements including proof that the child cannot be returned to the mother's custody. On our de novo review, we agree with the district court that the State proved this ground.

The child was removed from the mother's care in June 2016, based on the mother's methamphetamine use while serving as the child's primary caretaker. The child was subsequently adjudicated in need of assistance.

The mother unsuccessfully attempted outpatient treatment. She was admitted to inpatient treatment but, according to the department of human services, "was not receptive to making healthy changes which would support her recovery." She chose to discharge from the ninety-day program within a month. On her discharge, she did not attend outpatient treatment as recommended and admitted to resuming methamphetamine use.

Over the next several months, the mother continued to use methamphetamine. Nine months after the child's removal, she was admitted to another inpatient facility. At the first of three termination hearings eleven days later, she admitted to using marijuana and methamphetamine the day before she entered the facility. She asked for three additional months to facilitate

reunification with her child. The district court granted the request and held the termination petition "pending" until a termination hearing two months later.

At the second termination hearing, the mother testified to sixty-one days of sobriety and again sought additional time to facilitate reunification. The court again postponed the termination hearing, this time for a month.

At the final termination hearing, the mother remained in the inpatient facility. She testified to ninety-two days of sobriety and asked for additional time to complete treatment and reunify with her child.

The mother essentially conceded she was in no position to have the child immediately returned to her care. Although her recent abstinence from drug use was commendable, it occurred in a structured setting, with no opportunity to test her ability to care for and protect the child independently while maintaining her sobriety. We conclude termination was warranted under Iowa Code section 232.116(1)(h).

## II. Best Interests

Termination must also be in the child's best interests. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). In this case it was. During the first nine months after the child's removal, the mother did little to address her addictions and only sporadically attended supervised visits with her child. Her non-participation resulted in a reduction of visits from three supervised sessions per week to one supervised session per week. Although her attendance improved in 2017, the department pointed out that the child was brought to the inpatient facility from March 2017 forward.

We recognize certain factors may have caused the mother to lose hope. First, the foster mother's interest in adopting the child appeared to have clouded her ability to facilitate reunification. Second, the child's therapist appeared to have placed undue weight on the three-year-old child's preference to not have her mother participate in play therapy, a preference she conceded might change if the child saw her mother at the therapy sessions. Finally, the service provider who supervised visits chastised the mother for actions that she agreed did not affect the child's safety, such as giving the child Easter candy during a morning visit. While troubling, these factors don't take away from the fact that the mother failed to make the most of the reunification services offered to her. We conclude termination was in the child's best interests.

We affirm the termination of the mother's parental rights to her child.

**AFFIRMED.**